IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA MERLINA, | ) | C.A. No. 2:18-cv-1714 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| GIANT EAGLE, INC., MATTHEW | ) | |
| COLEMAN, JANE DOE, CITY OF | ) | |
| PITTSBURGH, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT IN CIVIL ACTION

Plaintiff Debra Merlina files this Complaint as follows:

### INTRODUCTION

This action is brought on behalf of plaintiff Debra Merlina contending that she was falsely accused of retail theft while a business invitee at a Giant Eagle store where she had been a regular customer for years, resulting in her false arrest, the filing of false criminal charges against her, and the use of excessive and unnecessary force causing her to suffer both physical and emotional harm. This lawsuit contends that as a result of the defendant's conduct her common law rights and constitutional rights--has made actionable against the municipal defendants pursuant to 42 U.S.C. Subsec. 1983--were violated.

### PARTIES

1.      Plaintiff Debra Merlina is an adult individual residing in Allegheny County, Commonwealth of Pennsylvania;

2.      Prior to the events set forth in this complaint, Merlina had never been arrested for or charged with a criminal offense;

3.      Prior to the events set forth in this complaint, Merlina had been a regular business invitee of the Market District Giant Eagle Store, located at 910 Freeport Rd., Pittsburgh, PA, (hereinafter "Store") where she did grocery shopping on a weekly basis;

4.      While a business invitee at the "Store" Ms. Merlina never engaged in retail theft or shoplifting, nor was she ever suspected or accused of committing any such criminal offense, nor was there ever any basis to suspect or believe that she had committed that offense;

5.      Defendant Giant Eagle is a corporate entity authorized to conduct business within the Commonwealth of Pennsylvania, with a principal place of business located at 101 Kappa Drive, Pittsburgh, PA 15138;

6.      At all times relevant, defendant Giant Eagle was acting by and through its duly authorized agents, employees, and/or assigns who were then and there acting within the course and scope of their employment;

7.      At all times relevant, defendant Giant Eagle failed to properly train and/or supervise its employees assigned to perform loss prevention duties, and/or failed to have appropriate procedures in place to ensure that such employees did not falsely accuse business invitees of retail theft and/or shoplifting;

8.      Defendants Mathew Coleman and Jane Doe, are adult individuals, employed as a police officers within the City of Pittsburgh Bureau of Police, who, at all times relevant hereto, were acting within the course and scope of their employment, and

within the custom and/or practices of the City of Pittsburgh Bureau of police and who were then and there acting under the color of state law;

9.     At all times relevant, upon information and belief, defendants Coleman and Doe were residents of the city of Pittsburgh, County of Allegheny, Commonwealth of Pennsylvania.

10.    The City of Pittsburgh is a municipality within the Commonwealth of Pennsylvania with a principal place of business located at 414 Grant Street, Pittsburgh, Pennsylvania 15219, which, at all times relevant hereto, was authorized to and did operate and maintain a police department.  This defendant is a recipient of federal funds either directly or indirectly for purposes of any claims plaintiff has under the Rehabilitation Act of 1973 against this defendant.  This defendant is also a "public entity" under Title II of the ADA (42 U.S.C. 12131(1)(b)).

11.    At all times relevant hereto, defendant City of Pittsburgh failed to adequately train and/or supervise its employees on the rights of individuals with disabilities, including in disregard of such person's rights protected under the Americans with Disabilities Act, and/or the Rehabilitation Act of 1973.

## JURISDICTION

12.    This action is brought pursuant to 42 U.S.C. §1983 and 1988, the 4th and 14th amendments to the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. §1201 et seq. and §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794.  This court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 1337, and 1343, 29 U.S.C. §794(a) and 42 U.S.C. §12182(a). This court also has pendent jurisdiction over plaintiff's state common law claims.

**VENUE**

13.     Venue lies in the Western District of Pennsylvania pursuant to 28 U.S.C. §1391.

**FACTS**

14.     On March 26, 2018 Merlina was a business invitee at the "Store".

15.     While lawfully within the premises of the "Store", an adult male who identified himself as a Giant Eagle loss prevention employee confronted Merlina and falsely accused her of shoplifting;

16.     The Giant Eagle loss prevention employee who falsely accused Merlina of shoplifting and/or retail theft had neither a reasonable suspicion and/or probable cause to believe that Merlina had engaged in any criminal act while within the premises of the "Store", including shoplifting and/or retail theft as that term is defined under the Pennsylvania Crimes Code.

17.     The Giant Eagle loss prevention employee who accused Merlina of shoplifting and/or retail theft falsely reported that Merlina had "attempted to exit the store with unpaid items concealed under other items she had previously paid for."  To the contrary, at no time did Merlina conceal "items" under other "items" she had previously paid for.

18.     Because of the false accusation and report made by the Giant Eagle's loss prevention employee, Merlina was forcibly detained by Giant Eagle employees within a locked office pending the arrival of City of Pittsburgh police officers.

19.     Merlina had not attempted to, or actually committed any act of retail theft and/or shoplifting while within the premises of the "Store".  Nor had she engaged in any

conduct, act, and/or other behavior constituting a crime under the Crimes Code of the Commonwealth of Pennsylvania.

20.     While Merlina was being detained by Giant Eagle at the "Store", she informed Giant Eagle employees that she was suffering from numerous physical impairments including a torn rotator cuff, bilateral osteoporosis of her knees, prior lumbar surgery and low back pain;

21.     During her unlawful detention within the premises of the "Store", Merlina collapsed falling on her knees, exacerbating the bilateral osteoporosis and causing her excruciating pain;

22.     When City of Pittsburgh police officers arrived at the "Store", Merlina professed her innocence to them about the alleged retail theft, stating that she did not and has never committed such crime.

23.     Merlina also told the City of Pittsburgh police officers that she was suffering from numerous physical impairments, including a torn rotator cuff, bilateral osteoporosis of her knees, prior lumbar surgery, and low back pain.

24.     Based upon the false accusation and report made by the Giant Eagle's loss prevention employee, Merlina was arrested by the City of Pittsburgh police officers and charged with retail theft, a first-degree misdemeanor.

25.     The City of Pittsburgh police officers did not perform any independent investigation into the false accusations that were being made against Merlina by Giant Eagle prior to her arrest, even though those officers knew that the events leading up to the false arrest of Merlina were video recorded on the "Store's" security video recording system;

26.     Because of the false accusation and report made by the Giant Eagle's loss prevention employee, Merlina—after telling City of Pittsburgh police officers that she was innocent and that she suffered from multiple physical impairments—was handcuffed by City of Pittsburgh police officers, during which process Merlina's hands and arms were handcuffed behind her back.

27.     During her arrest, and because of her physical impairments, Merlina passed out, falling face first on the floor, after which the City of Pittsburgh police officers lifted her from the floor by the handcuffs, exacerbating her torn rotator cuff and causing Merlina to experience excruciating pain;

28.     The City of Pittsburgh police officers transported Merlina to the Allegheny County Jail where she was incarcerated for approximately 12 hours, during which time she was nauseous, and continued to experience excruciating pain;

29.     After Merlina was arrested and transported to the Allegheny County Jail, Giant Eagle destroyed and/or otherwise failed to preserve the video recording which showed that Merlina had not concealed "items" as falsely alleged and also recorded that Merlina had not exited the "Store" when she was unlawfully detained by Giant Eagle's loss prevention employee;

30.     Giant Eagle destroyed and/or otherwise failed to preserve the video recording of the events leading up to Merlina's false arrest, despite its knowledge that such video was likely to be relevant to the false criminal charges brought against Merlina and/or potential ensuing civil litigation;

31.     All the false criminal charges brought against Merlina were subsequently withdrawn by the District Attorney's Office of Allegheny County;

32.     As a result of Defendants' conduct, Merlina suffered severe emotional distress, embarrassment, and humiliation;

33.     As a result of Defendants' conduct, Merlina suffered emotional and/or physical injury and/or exacerbation of pre-existing injuries, for which Merlina received and/or may continue to require medical care and/or treatment;

34.     As a result of Defendants' conduct, Merlina has sustained lost wages, benefits and other remuneration and/or loss of earning capacity;

35.     As a result of Defendants' conduct, Merlina has suffered severe and permanent damage to her reputation;

36.     Defendant Giant Eagle's conduct was outrageous and in reckless disregard of Merlina's right to be free from false arrest, unnecessary use of force, and/or malicious prosecution.

## CAUSES OF ACTION

## MERLINA V. GIANT EAGLE

### Count I
### FALSE ARREST AND/OR IMPRISONMENT

37.     Merlina incorporates paragraphs 1 through 36 as if fully set forth herein;

38.     As a result of Giant Eagle's conduct, Merlina was subject to a false arrest and/or imprisonment;

WHEREFORE, Merlina requests judgment in her favor in a sum in excess of $35,000 inclusive of compensatory damages and/or punitive damages;

### Count II
### MALICIOUS PROSECUTION

39.     Merlina incorporates paragraphs 1 through 38 as if fully set forth herein;

40.    As a result of Giant Eagle's conduct, Merlina was subject to a malicious prosecution;

WHEREFORE, Merlina requests judgment in her favor in a sum in excess of $35,000 inclusive of compensatory and/or punitive damages;

## Count III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41.    Merlina incorporates paragraphs 1 through 40 as if fully set forth herein;

42.    As a result of Giant Eagle's conduct, Merlina was subject to the intentional infliction of severe emotional distress;

WHEREFORE, Merlina requests judgment in her favor in the sum in excess of $35,000 inclusive of compensatory and/or punitive damages;

## Count IV
## NEGLIGENT SUPERVISION AND/OR TRAINING

43.    Merlina incorporates paragraphs 1 through 42, as if fully set forth herein;

44.    At all times relevant hereto, Giant Eagle failed to adequately supervise and/or train its loss prevention employees when it knew or should have known that such failure would result in injury to business invitees in the following respects:

a).    In failing to train its loss prevention employees on the criterion and/or grounds for suspecting and/or having a reasonable basis to believe that a business invitee has engaged in retail theft;

b).    In failing to train its loss prevention employees on the difference between lawful shopping activities by a business invitee and conduct providing a reasonable basis to suspect and/or believe that a business invitee has engaged in retail theft;

c).      In failing to adequately train and/or supervise its loss prevention employees to consider the totality of circumstances including information provided by and/or explanations offered by a business invitee in deciding whether there basis existed to suspect and/or reasonably believe that the business invitee has committed retail theft;

d).      In failing to provide adequate signage, notice, and/or information to business invitees that carrying unpaid for product into exit areas of the store where product is displayed for purchase, will be viewed as a basis to suspect and/or believe that the business invitee has committed retail theft;

e).      In failing to adequately train and/or supervise its loss prevention employees that a business invitee carrying unpaid for product into exit areas of the store where product is displayed for purchase, does not provide a factual a basis to suspect and/or reasonably believe that a business invitee has committed retail theft;

f).      In failing to adequately train and/or supervisor loss prevention employees to seek input from store management to obtain additional information and/or guidance on whether a business invitee's conduct and/or actions provide a basis to suspect and/or believe that the business invitee has committed retail theft;

g).      In failing to train its employees to communicate information known by them concerning a business invitee's physical and/or emotional

9

disabilities to law enforcement personnel whom Giant Eagle has summoned knowing that arrest procedures may cause substantial harm to the business invitee;

h)    In failing to train and/or supervise its loss prevention employees to report accurately to law enforcement personnel all information in that employee's possession regarding any allegation that a business invitee has committed retail theft.

45.    As a result of Giant Eagle's negligence, Merlina was subjected to severe emotional and physical injury as outlined above.

WHEREFORE, Merlina requests judgment in her favor in a sum in excess of $35,000 inclusive of compensatory and/or punitive damages;

## MERLINA V. DEFENFDANTS COLEMAN AND DOE

## CAUSES OF ACTION

### Count V
### FOURTH AMENDMENT SECTION 1983 FALSE ARREST, EXCESSIVE FORCE, MALICIOUS PROSECUTION

46.    Merlina incorporates paragraphs 1 through 45 as if fully set forth herein;

47.    At all times relevant, the individually named defendant officers knew that Merlina was suffering from significant physical disabilities;

48.    At all times relevant, Merlina requested that the defendant officers not handcuff her behind her back due to the significant physical disabilities from which she suffered;

49.    At all times relevant, defendant officers ignored Merlina's complaints, disregarded the information known to them about her physical disabilities, handcuffed her

behind her back, and when she collapsed to the floor, pulled her from the floor using the handcuffs as leverage, causing her to experience excruciating pain, and exacerbating her pre-existing physical disabilities;

50.     At all times relevant, defendant officers knew that Giant Eagle had security cameras that recorded the facts leading up to Merlina's false arrest by Giant Eagle's loss prevention employee, but failed to review that recording prior to arresting Merlina upon the false charges of retail theft;

51.     At all times relevant, the defendant officers knew that Giant Eagle's loss prevention employee had claimed that Merlina had somehow concealed non-purchased merchandise beneath previously purchased merchandise, and that Merlina denied such accusation, but failed to inspect the grocery cart used by Merlina to verify the loss prevention employee's allegation;

52.     As a result of the defendant's conduct, Merlina's rights under the 4th amendment to be free from false arrest, excessive force, and/or malicious prosecution— as made actionable against these defendants pursuant to 42 U.S.C. § 1983--were violated.

WHEREFORE, Merlina requests judgment in her favor against defendants for compensatory and/or punitive damages and the award of costs and attorney's fees, and such other relief as the Court may deem just and equitable under the circumstances.

## MERLINA V. CITY OF PITTSBURGH

### CAUSES OF ACTION

### Count VI
### ADA/REHABILITATION ACT

53.     Merlina incorporates paragraphs 1 through 52 as if fully set forth herein;

54.     At all times relevant, defendant City of Pittsburgh failed to provide instruction, training, and/or supervision of its police officers regarding their duties and obligations under the ADA and/or Rehabilitation Act to provide citizens with disabilities reasonable accommodations in those citizens' interactions with City of Pittsburgh police officers, including during the process of a physical arrest;

55.     At all times relevant, defendant City of Pittsburgh knew that its police officers interacted with persons with disabilities including physical disabilities, to include but not limited to physical arrests during which standard operating procedures required police officers to handcuff all arrestees, handcuff arrestees behind the back, use secured handcuffs behind the back as a lifting leverage point, and to secure handcuffs tightly around the arrestee's wrists;

56.     At all times relevant, the defendant City of Pittsburgh never provided instruction, training and/or supervision to its police officers that such officers could deviate from physical arrest standard operating procedures to provide  reasonable accommodation to disabled citizens, even though the City knew that absent such instruction citizens with physical disabilities were  likely exposed to serious injury and/or exacerbation of an existing disability during the course of a physical arrest;

57.     As a result of the defendant City of Pittsburgh's violation of the ADA/Rehabilitation Act plaintiff suffered physical injury, exacerbation of pre-existing injuries, extreme pain, suffering, and emotional distress;

58.     As result of the defendant City of Pittsburgh's violation of the ADA/Rehabilitation Act plaintiff required medical care and/or treatment, may require such treatment in the future, and has incurred and will continue to incur medical expenses;

59.    As result of the defendant City of Pittsburgh's violation of the ADA/Rehabilitation Act, plaintiff has suffered wage loss and/or loss of earning capacity.

60.    At all times relevant, defendant City of Pittsburgh acted with deliberate indifference and/or disregard of the rights of citizens with disabilities as protected under the ADA and/or Rehabilitation Act

WHEREFORE, plaintiff requests judgment in her favor in a sum in excess of $50,000, including compensatory and/or liquidated damages, attorney's fees and costs, and such other relief as the court deems just and equitable under the circumstances.


Respectfully submitted,

/s/ Timothy P. O'Brien
PA ID# 22104

Law Office of Timothy P. O'Brien
2103 Investment Building
239 Fourth Avenue
Pittsburgh, PA  15222
 (412) 232-4400

Attorney for Plaintiff